IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHEILA STINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE # 1:18-CV-96 |
| | ) |
| CHSPSC, LLC, d/b/a FLOWERS | ) |
| HOSPITAL and other legal | ) |
| entities designated herein as | ) JURY TRIAL DEMANDED |
| fictitious parties: Fictitious defendants 1, | ) |
| 2, 3, 4, 5, those persons, corporations or | ) |
| other legal entities, acting individually or | ) |
| by and through their agents, servants, | ) |
| or employees, who owned or operated | ) |
| the premises on which Plaintiff was | ) |
| injured; | ) |
| Fictitious defendants 6, 7, 8, 9, 10, | ) |
| those persons, corporations, or other | ) |
| legal entities acting individually or by | ) |
| and through their agents, servants or | ) |
| employees, who were responsible for the | ) |
| care and maintenance of the premises | ) |
| where Plaintiff was injured; | ) |
| Fictitious defendants 11, 12, 13, 14, 15, | ) |
| those persons, corporations, or other | ) |
| legal entities whose negligence, | ) |
| wantonness, or other wrongful conduct | ) |
| caused the injury to Plaintiff; all of said | ) |
| Fictitious parties are unknown to | ) |
| Plaintiff at this time, but will be added | ) |
| by amendment when ascertained, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES now the Plaintiff in the above-styled action and as the basis for the relief hereinafter prayed for states as follows:

## General and Jurisdictional Allegations

1. Plaintiff Sheila Stinson (hereinafter "Stinson"), at all times material to this action, was an adult citizen of Barbour County, Alabama.

2. Defendant CHSPSC, LLC, d/b/a Flowers Hospital, upon information and belief, is a foreign limited liability company, and is a citizen of Franklin, Tennessee and at all times material hereto was doing business in Dothan, Houston County, Alabama, and is otherwise subject to the jurisdiction of this court.

3. The amount in controversy exceeds $75,000, exclusive of interest and cost. Therefore, this Court has jurisdiction and venue pursuant to 28 U.S.C. 1332 and 28 U.S.C. 1391(a).

## Summary of Facts

4. Plaintiff realleges the allegations of all previous paragraphs of the complaint as if set out here in full.

5. On or about August 28, 2017, Plaintiff Stinson was an invitee on the premises of Flowers Hospital, located at 4370 W. Main Street, in Dothan, Alabama.

6. On or about August 28, 2017, Plaintiff was walking down a hallway to visit a patient when she slipped and fell to the floor, sustaining serious injuries.

7. On August 28, 2017, Defendant CHSPSC, LLC, d/b/a Flowers Hospital, created a dangerous situation on the premises by allowing a substance to remain on the floor, causing the plaintiff to slip and fall.

## COUNT ONE

8. Plaintiff realleges the allegations of all previous paragraphs of the complaint as if set out here in full.

9. Prior to August 28, 2017, the floors and hallways of Flowers Hospital were maintained by Defendant CHSPSC, LLC, d/b/a Flowers Hospital.

10. Prior to August 28, 2017, Defendant CHSPSC, LLC, LLC, d/b/a Flowers Hospital negligently maintained the floors and hallways in that it was not reasonably safe for invitees, including Plaintiff Stinson to visit a patient.

11. Prior to August 28, 2017, Defendant CHSPSC, LLC, d/b/a Flowers Hospital negligently allowed a slippery substance to remain on the floor where invitees, including Plaintiff Stinson, visited patients.

12. On or about August 28, 2017, Defendant CHSPSC, LLC, d/b/a Flowers Hospital knew or should have known that other invitees would be walking on the floors and hallways where Plaintiff slipped and fell.

13. On or about August 28, 2017, Defendant CHSPSC, LLC, d/b/a Flowers Hospital knew or should have known that a substance left on the floor would be a danger to other invitees as they walked down the floors and hallways on the floor while visiting patients.

14. Prior to August 28, 2017, Defendant CHSPSC, LLC, d/b/a Flowers Hospital knew or should have known that other invitees would make contact with said substance on the floor and also slip and fall while visiting patients.

15. On or about August 28, 2017, as a result of the negligence of Defendant CHSPSC, LLC, d/b/a Flowers Hospital, the Plaintiff slipped, causing her to fall and suffer serious injuries.

16. As a proximate consequence of the Defendant's negligence, the Plaintiff was permanently injured and damaged as follows: she suffered bodily injuries; she

suffered physical pain and suffering and will continue to suffer pain and suffering in the future; she was required to seek medical treatment; she injured her left kneecap, tearing ligaments and tendons; she was required to undergo surgery; she has lost the quality and enjoyment of her life for a period of time; she has incurred medical expenses; she has lost wages; she suffered emotional distress and will continue to suffer emotional distress in the future; and she has been otherwise injured and damaged.

WHEREFORE, Plaintiff Sheila Stinson demands judgment against the Defendant CHSPSC, LLC, d/b/a Flowers Hospital in such an amount of compensatory and punitive damages as a jury may award, plus the cost of this action.

## COUNT TWO

17. Plaintiff realleges the allegations of all previous paragraphs of the complaint as if set out here in full.

18. On or about August 28, 2017, Defendant CHSPSC, LLC, d/b/a Flowers Hospital had a duty to exercise reasonable care in providing and maintaining reasonably safe premises for its invitees, including Plaintiff Stinson.

19. On or about August 28, 2017, Defendant CHSPSC, LLC, d/b/a Flowers Hospital had a duty to exercise reasonable care to keep the floors and hallways clear of any substances for its invitees, including Plaintiff Stinson as they walked on the premises.

20. On or about August 28, 2017, Defendant CHSPSC, LLC, d/b/a Flowers Hospital negligently breached its duty to Plaintiff Stinson by causing or allowing a dangerous condition to exist on the premises, and/or by failing to ensure that the floors and hallways were safe.

21. On or about August 28, 2017, Defendant CHSPSC, LLC, d/b/a Flowers Hospital negligently failed to warn Plaintiff Stinson of the dangerous condition that existed with the substance left on the floor. Plaintiff Stinson was unaware that there was a substance on the floor when she walked down the hallway to visit a patient.

WHEREFORE, Plaintiff Sheila Stinson demands judgment against Defendant CHSPSC, LLC, d/b/a Flowers Hospital in such an amount of compensatory and punitive damages as a jury may award, plus the cost of this action.

*L. Shane Seaborn*
L. Shane Seaborn (SEA027)
Attorney for Plaintiff

**OF COUNSEL:**

PENN & SEABORN, L.L.C.
1442 S. Eufaula Avenue
Eufaula, Alabama 36027
(334) 687-5555 Telephone
(334) 687-5111 Facsimile

### JURY DEMAND

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.**

*L. Shane Seaborn*
OF COUNSEL

**DEFENDANT MAY BE SERVED VIA CERTIFIED MAIL:**

CHSPSC, LLC, d/b/a Flowers Hospital
c/o Corporation Service Company
641 S. Lawrence Street
Montgomery, Alabama 36104